## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 30 2019, 10:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ellen M. O'Connor
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Terry Tripp,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 30, 2019

Court of Appeals Case No.
19A-CR-198

Appeal from the Marion Superior Court

The Honorable Marc Rothenberg, Judge

Trial Court Cause No.
49G02-1808-F4-28855

**Tavitas, Judge.**

## Case Summary

Terry Tripp appeals his sentence, received pursuant to his guilty plea, for burglary, a Level 5 felony, and his habitual offender enhancement. We remand.

## Issue

Tripp raises two issues; however, we find one to be dispositive, which is whether we should remand to the trial court for correction of an erroneous sentence.[1]

## Facts

On August 29, 2018, the State charged Tripp with Count I, burglary, a Level 4 felony; and Count II, attempted theft, a Class A misdemeanor. The State then, on September 7, 2018, amended Count I to be a Level 5 felony.[2] On November 13, 2018, the State filed a notice of habitual offender allegation.

Tripp pleaded guilty to Count I and the habitual offender enhancement, and the State dismissed Count II. The factual basis for the offense, which Tripp admitted to, was that "[o]n or about August 28th, 2018[, Tripp did break] and enter a structure which was a residence [of Dennis Taylor], however, it was not

---

[1] Due to our conclusion that remand is appropriate to correct Tripp's erroneous sentence, we do not address the issue of whether Tripp's sentence was inappropriate in light of the nature of the offense and Tripp's character.

[2] At the plea hearing, the State acknowledged that the reason for the change was because the burglary occurred at an "uninhabited house." Tr. Vol. II p. 6.

being used as a residence at that time," with the intent to commit the crime of theft. Tr. Vol. II pp. 10-11. Tripp also admitted to two other convictions to support his habitual offender status: (1) burglary, a Class C felony, on October 10, 2003; and (2) burglary, a Class B felony, on October 3, 2006.

[5] At the sentencing hearing, the trial court stated that Tripp would be sentenced to ten years, with six of those years to be spent incarcerated at the Department of Correction ("DOC"). Tripp was also placed in the Purposeful Incarceration program which, if Tripp completed, the trial court agreed to "modify some of that portion of the six years." Tr. Vol. II p. 39. The trial court then indicated that "[f]our years will be suspended. Three years will be placed on probation." *Id.* Finally, the trial court stated:

> I do note that the three years is the advisory sentence on the Level 5. The other three years are the portion due to the Habitual Offender. And again, you do your Purposeful Incarceration and that will lessen.

*Id.* The trial court's written order sentences Tripp to "10 Year(s) and 0 Day(s)" with "4 Year(s) and 0 Day(s)" suspended. Appellant's App. Vol. II p. 11. The written sentencing order also includes "Sentencing Conditions" including probation for "3 years," effective on December 21, 2018—the date of sentencing. *Id.* Tripp now appeals.

## Analysis

[6] Tripp argues that his sentence was illegal because, although the trial court indicated it was sentencing Tripp to three years in the DOC for Count I, and

three years for the habitual offender enhancement, the trial court did not indicate where the remaining four years, which were suspended, applied. Accordingly, Tripp argues that "adding four years to the stated three year sentences on either [conviction] was not authorized by statute as the sentencing statutes only authorize a total of six years per each [conviction]," pursuant to Indiana Code Sections 35-50-2-6(b)[3] and 35-50-2-8(i)(2).[4] Appellant's Br. p. 11.

[7] The State agrees that "clarification is needed from the trial court and this Court should remand for clarification and correction of the erroneous sentence to impose a sentence consistent with sentencing parameters." Appellee's Br. p. 8.[5] Based on this concession, we remand to the trial court to clarify and correct Tripp's sentence.

## Conclusion

[8] Pursuant to the State's concession that Tripp's sentence should be remanded to the trial court for clarification and correction, we remand.

---

[3] "A person who commits a Level 5 felony . . . shall be imprisoned for a fixed term of between one (1) and six (6) years, with the advisory sentence being three (3) years." Ind. Code § 35-50-2-6(b).

[4] "The court shall sentence a person found to be a habitual offender to an additional fixed term that is between: . . . two (2) years and six (6) years, for a person convicted of a Level 5 or Level 6 felony." Ind. Code § 35-50-2-8(i)(2).

[5] The State makes a different argument than Tripp regarding how the sentence may have been split up, namely, that the trial court could have given Tripp six years on Count I—three suspended—and four years on the habitual offender enhancement, which would have been permissible under Indiana Code Section 35-50-2-8(i)(2). The State, however, correctly points out that, even if this was the trial court's intent, the trial court would have erred in suspending that fourth year of the habitual offender enhancement, because additional terms imposed under Indiana Code Section 35-50-2-8 are "nonsuspendible."

Remanded.

Brown, J., and Altice, J., concur.